## MILLER *v.* STEM.

A party to a sealed note is competent to prove an extension of time to himself, thereby discharging another party who was a surety, under the pleas of payment, and of this fact specially.

To discharge a surety by extension of the time of payment, there must be not only a sufficient consideration, but the time must be definitely fixed; hence an agreement to delay for an uncertain period—as until some time in the summer—will not discharge him.

ERROR to the Common Pleas of Lehigh county.

*March* 6.—This action was against Stem, on a joint and several sealed note, executed by Boas, Saeger, and ten others. The plea was payment with leave, under which notice of defence was given that defendant was but surety, and signed the note on condition that another would sign it, and that suit should be brought immediately on maturity; that the new name was refused, and the time extended at the request of the real debtors, and without defendant's consent.

On the trial, defendant pleaded the fact of extension, averring the contract was for valuable consideration, and capable of being enforced in law or equity.

Plaintiff proved his note with a receipt for interest.

The defendant called Boas, whom he released for costs, whose competency was objected to. The witness proved he and Saeger were the principals, the latter having been substituted for defendant on a former

note, who then signed the note in contest as a surety that plaintiff agreed to wait, at Boas' request, but he did not know what length of time; it was until some time in the summer, on his payment of three or five dollars. On re-examination, subject to objection as improper and irrelevant, he stated plaintiff knew the fact as to suretyship, on taking the present note, and that he (the witness) had money which he would have paid had it been demanded. This money was paper in bad credit, and had been refused by the plaintiff.

The charge of his honour, Banks J., so far as material here, was that the plaintiff could recover, unless, knowing that defendant was a surety, he agreed with Boas to extend the time of payment, and took three or five dollars in consideration of such extension only, defendant not assenting to it.

*Davis* and *Porter*, for plaintiff in error.—The defence depends entirely on the testimony of Boas; he was incompetent, for the judgment in favour of one party is evidence for the others; Milliken *v.* Brown, 11 Serg. & Rawle, 146; Kepler *v.* McCormack, 1 Rawle, 445; 3 Rawle, 179. He would moreover be bound to indemnify defendant from any amount recovered by us—not merely costs, from which alone he is released—and he would also be liable to us for costs expended in the recovery against the surety; Conrad *v.* Keyser, 5 Serg. & Rawle, 371. But this evidence was not embraced in the notice of special matter, and the plea does not relieve him; 3 Watts & Serg. 361; Sharpe *v.* Sharpe, 14 Serg. & Rawle, 444, 176. [*Rogers*, J.—If you make a specific objection you abandon others.] It is included in the objection of irrelevant and improper. The amount received was not sufficient to make a contract for valuable consideration; it was not a twentieth part of the interest due; and as it was indefinite as to time, the creditors' hands were not tied; Chitty on Bills, 413, 414; Gillson *v.* Stewart, 7 Watts, 103; 8 Term Rep. 168; 11 Serg. & Rawle, 179; 4 Watts, 446.

*King*, contrà.—The interest was equally balanced, as he was liable to both parties, and a party to an instrument is clearly competent to prove payment; Phil. Ev. 14, n. a; 10 Johns. 231; Chit. Bill. 669, 670. The principal would not be discharged by a verdict for the surety, Clippinger *v.* Creps, 2 Watts, 45. That the charge was correct as to enlargement of time, Kramer *v.* Higginson, 1 Mason, 305, needs no argument.

*March* 30. SERGEANT, J.—The first question raised on this record is, whether Boas was a competent witness for the defendant. It is

contended that he was not, because he was co-obligor on the sealed note to the plaintiff. Had the issue been non est factum, and so going to the bond itself, the question might be different, but the defence here is personal to Stem. It does not deny the validity of the sealed note, but alleges that Stem was surety, and was discharged by the conduct of the plaintiff. The verdict, therefore, might be in favour of Stem, without affecting Boas' responsibility. Nor is it a ground of objection that if Stem is a party, he could recover from Boas the amount recovered against him in this suit. Boas is equally liable to the plaintiff, and in this respect stands indifferent, and the costs have been released by the defendant. It is said the plaintiff could recover against Boas the costs of this suit, but no authority has been cited to that effect, and we are not prepared to say he could.

The objection on the second bill of exceptions is, that the evidence was not within the notice of special matter. The ground taken in the court below was, that it was improper and irrelevant to the issue trying. It may not have fallen within the notice, but is, perhaps, within the plea.

But the main point of the case is, whether sufficient was proved to authorize the court to leave it to the jury to say that the plaintiff made an agreement to give time, and which had the effect to discharge the defendant. The principle of law, as settled by the recent authorities, is, that if the creditor make an express agreement with the principal, upon sufficient consideration, or on taking a new security, to give a further time for payment, the surety is thereby discharged. But mere consent to forbear, for a loose and uncertain period, does not tie up the creditor's hands, and an agreement, without a sufficient consideration, is nudum pactum; Chitty on Bills, 412—414; 3 Penna. Rep. 440. The evidence in the case before us is defective in these essential particulars. Boas, the chief witness, who speaks to the point, says, he does not remember what length of time it was for; he expected the Northampton Bank would be good in July; he told the plaintiff, if so, he could pay him almost any time then; the plaintiff was to wait till some time in the summer. This is not only vague as to proving an express agreement by the plaintiff to wait, but the time was indefinite and uncertain. To take away from the plaintiff a just debt, in order to relieve a surety, justice requires there should be a clear, distinct agreement by the creditor, placed beyond reasonable doubt for a time certain, or total forbearance, or forbearance for a reasonable time.

Judgment reversed, and venire facias de novo awarded.