| 36 | 449 |
| 152 | 602 |

# Henderson's Administrator *versus* Ardery's Administrators.

A creditor, having a principal debtor and a surety, discharges the surety by entering into an agreement with the principal, which can be enforced in law or in equity, whereby he extends the time of payment for any definite period beyond that mentioned in the original contract.

A. and B. being in partnership, A. executed to B., with C. as surety, his single bill for $250, payable in one year from date; two months afterwards, A. agreed with B. to convey to him certain real estate, to pay the debts of the firm within one year from the date of the agreement, and to keep B. indemnified therefrom; and in consideration thereof, B. assigned to A. all the assets of the firm, and agreed to release all claims of any nature, which he held against A., as soon as A. should have paid the debts of the firm, and have executed a conveyance for the land; A. failed to perform his part of the agreement: *Held*, that by the agreement between A. and B. the time for the payment of the single bill was extended, until the lapse of one year from the date of the agreement, and that C. the surety was thereby discharged.

ERROR to the Common Pleas of *Centre county*.

This was an action of debt by William B. Henderson, for the use of John C. Henderson, against Adam R. Barlow and James Ardery, administrators of James Ardery, deceased, upon a single bill for $250, dated the 5th March 1852, executed by George Glenn, as principal, and James Ardery, the defendant's intestate, as surety, in favour of the plaintiff, payable one year after date. During the progress of the cause, the plaintiff died, and John F. Henderson, his administrator, was substituted.

On the 19th May 1852, after the execution of the single bill on which suit was brought, the following agreement was entered into between Glenn and Henderson:—

"This agreement, made this 18th day of May, A. D. 1852, between George Glenn of the one part, and William B. Henderson of the other part, all of Patton township, Centre county, witnesseth that said George Glenn, for and in consideration of the assignment and releases hereinafter mentioned, to be made to him by the said Henderson, hath sold to said Henderson his farm in Huston township, known as the Clumbauch property, together with that part of said farm Glenn purchased from Gratz, but not including that part owned by John McDonald. Henderson to have immediate possession of said farm, excepting the present crop of grain in the ground, which Glenn reserves. Glenn also agrees to pay all the debts of the firm of Henderson & Glenn within one year from the date of this agreement, and from the present time keep Henderson unharmed by any of the debts due or

owing by the firm of Henderson & Glenn aforesaid.  Glenn also
agrees to give Henderson a receipt in full, for his account on the
books of Henderson & Glenn.  Glenn agrees to make Henderson,
his heirs and assigns, a good and sufficient warranty-deed for the
above-mentioned farm, in one year from this date, clear of all
encumbrances.

"Henderson hereby assigns to George Glenn, as payment for
the above premises, all the accounts due or owing, or that may
become due on the books of Henderson & Glenn, together with all
the notes, judgments, or debts whatsoever that may be due or
owing, or that may become due to the said Henderson & Glenn,
so that George Glenn may lawfully collect the same as his own
individual property.  Henderson further agrees to receipt for and
release to the said George Glenn all the judgments, bonds, notes,
book-accounts, or claims of any nature whatsoever he now has
against the said George Glenn on the prothonotary's docket, or on
any justice's docket, or elsewhere, as soon as the said Glenn shall
pay the debts of the firm of Henderson & Glenn aforesaid, and
execute and deliver to said Henderson a good and sufficient war-
ranty-deed, clear of all encumbrances, for the farm above men-
tioned: in virtue whereof, we have hereunto set our hands and
seals, May 19th 1852."

"GEORGE GLENN.     [SEAL.]<br>
"W. B. HENDERSON.  [SEAL.]

"Witness, D. I. PRUNER."

It was admitted, that the single bill in question was one of the
claims referred to in the agreement; which Henderson was to
release on payment by Glenn of the firm debts, and the execution
of a conveyance for the land.

The plaintiff offered to prove that Glenn not only failed to pay
the debts of the firm of Henderson & Glenn, and to convey the
real estate, but that the firm debts had been collected from Hen-
derson, and the proceeds of the real estate, sold on execution, had
been applied to the debts of Glenn.  The court below ruled out
this evidence, and instructed the jury, that "if the note in ques-
tion was one of the notes described in the agreement, then Hen-
derson had postponed his right to recover."

To this instruction the plaintiff excepted; and a verdict and
judgment having been rendered for the defendants, the plaintiff
removed the cause to this court, and here assigned the same for
error.

*McAllister* and *Hale & Hoy*, for the plaintiff in error, cited
United States *v.* Simpson, 3 *Penn. R.* 439; Rhoads *v.* Frederick,
8 *Watts* 448; Miller *v.* Stem, 2 *Barr* 286.

[Henderson's Administrator v. Ardery's Administrators.]

*Blanchard* and *W. P. Wilson*, for the defendants in error, cited Clippinger *v.* Creps, 2 *Watts* 45; *Theobald on Principal and Surety* 119–20, 122; *Fell on Guaranty* 194; Moore *v.* Bowmaker, 7 *Price* 223; Miller *v.* Stem, 2 *Jones* 383; Uhler *v.* Applegate, 2 *Casey* 140; Follmer *v.* Dale, 9 *Barr* 83; 2 *Johns. Ch.* 554.

The opinion of the court was delivered by

WOODWARD, J.—That a creditor having a principal debtor and a surety, discharges the surety by entering into an agreement with the principal, which can be enforced at law or in equity, whereby he extends the time of payment for any definite period beyond that mentioned in the original contract, is proved, abundantly, by our authorities: 2 *Watts* 45; 3 *Penn. R.* 439; 2 *Barr* 286; 2 *Jones* 383; 2 *Casey* 140. Nor is it contradicted in this case.

But the question here is, whether there was any such extension of credit. Henderson held the note of George Glenn, dated 5th March 1852, drawn at one year for $250, with James Ardery as Glenn's surety. On the 18th May 1852, Glenn and Henderson entered into a written contract, whereby Glenn agreed to sell to Henderson certain real estate, and to pay all the debts of the firm of Henderson & Glenn, "*within one year from the date of this agreement.*" In consideration whereof, Henderson, on his part, agreed, among other things, to receipt for and release to the said Glenn all the judgments, bonds, notes, book-accounts, or claims of any nature whatsoever he now has against the said George Glenn, "*as soon as the said Glenn shall pay the debts of the firm of Henderson & Glenn aforesaid,*" and convey the real estate aforesaid. The note in suit is admitted to be one of the notes referred to in this agreement.

Now, suppose when the note fell due on the 5th March 1853, Henderson had sued Glenn upon it, could Glenn have set up this contract in defeat of the action? Could he have said, you gave me until the 18th of May 1853, to perform certain conditions that were to be payment of that note, and until that date arrives your remedies on the note are suspended by a contract founded in a valuable consideration, and by which you are legally restrained?

After mature reflection, it seems to us, that Glenn could have made such a defence; that Henderson had disabled himself from suing Glenn between the 5th of March and the 18th May 1853. And as the contract out of which the disability grew, was made without Ardery's knowledge or assent, he must be held discharged from his suretyship.

It is true, that the year stipulated for had reference to those portions of the contract which Glenn was to perform, but Henderson was to wait for Glenn's performance, else the agreement loses its mutuality and all its efficacy. If I agree with a debtor that

[Henderson's Administrator *v.* Ardery's Administrators.]

his note shall be given up, if he build me a house within a year, do I not thereby stipulate, that I will not proceed to collect his note within the year? Can it be said, that my legal remedies are as available after such an agreement as before?

This is supposing a contract with a single consideration. The debtor's failure to perform altogether might release me and leave me free to sue the note. But in the contract before us, several things were stipulated for on both sides, and there are several considerations for Henderson's promise, so that if, in the case supposed, the creditor would not be holden, there was enough to bind Henderson in this case; especially, as we are not informed that Glenn neglected *all* his undertakings. Henderson, probably, looked for advantages from the whole bargain sufficient to compensate him for the release of Ardery, and therefore submitted to a restraint of his remedies on the contract in suit, for the two months and more.

The judgment is affirmed.