Hiram Felton, Amanda Felton, Mary Hollman and Sarah Armen, Administrators of Alfred Felton, deceased, v. Charles B. Felton, Appellant.

*Sheriff's sale—Setting aside sale—Inadequacy of price—Discretion of the court.*

Mere inadequacy of price without more is not sufficient ground for setting aside a sheriff's sale.

Under a rule to set aside a sheriff's sale it appeared that the property sold for $4,500. The defendant in the execution offered testimony which was contradicted, that the property was worth $10,000. A number of witnesses testified that they saw no handbills posted on the premises before the sale. The sheriff's deputy testified that he posted bills on the premises. The defendant also showed that the advertisements of the sales described the premises by metes and bounds without any reference to the fact that streets had been laid out over the tract. The defendant offered to give a bond that the property at the next sale would bring twenty to twenty-five per cent more than the previous bid. *Held*, that the court below did not abuse its discretion in refusing to set aside the sale.

Argued March 27, 1896. Appeal, No. 41, Jan. T., 1896, by Charles B. Felton, from order of C. P. No. 1, Philadelphia Co., March T., 1895, No. 718, discharging rule to set aside sheriff's sale. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to set aside sheriff's sale. Before BRÉGY, J.

From the record it appeared that the property in question, fourteen acres of land, was sold on June 3, 1895, by the sheriff to William M. Frost for the price of $4,500. The evidence for the plaintiffs, though contradicted, was that the property was worth $10,000. A number of witnesses called by the defendant testified that they did not see any handbills posted on the premises previous to the sale. The sheriff's deputy testified that he posted handbills on the jam of the door of the house. Defendant also showed that the premises were described in the advertisements by metes and bounds without any reference to the fact that streets had been laid out over the tract of land. At the argument of the rule defendant offered to give bond

that the property at another sale would bring twenty to twenty-five per cent more than the previous bid.

The court discharged the rule.

*Error assigned* was above order.

*B. F. Fisher*, for appellant.—The notice was insufficient: Gibbons v. Williams, 10 Pa. C. C. 299; McGonigle v. Johnson, 8 C. P. 653; Fitzimmons v. Fitzimmons, 2 York, 112.

A sale will be set aside for gross inadequacy of price coupled with other equitable circumstances: Welles v. Davis, 3 Kulp, 61; Campbell v. Williams, 3 Kulp, 92; Fox v. Meyer, 1 Woodward, 50; Twells v. Conrad, 2 W. N. C. 30; Ritter v. Getz, 161 Pa. 648; Germer v. Ensign Adv., 155 Pa. 464.

*Lewis Stover*, for William M. Frost, the purchaser,—cited on the question of notice: Passmore v. Gordon, 1 Browne, 320; Germer v. Ensign, 155 Pa. 464.

PER CURIAM, April 6, 1896:

An examination of this record has failed to convince us that there was any error "in discharging the rule to set aside the sheriff's sale." It has been uniformly held that mere inadequacy of price, without more, is not sufficient ground for setting aside a sheriff's sale: Hollister v. Vanderlin, 165 Pa. 248; Cake v. Cake, 156 Pa. 47. There is nothing to show that, in discharging the rule to show cause, there was any abuse of that discretion with which the court below is invested. Further discussion of the subject is unnecessary. We are all of opinion that no sufficient ground for reversal has been shown.

Decree affirmed and appeal dismissed, with costs to be paid by the defendant.