## Armstrong County Trust Company v. Boozer.

*Sheriff's sale—Setting aside sale—Evidence—Practice, C. P.*

Where the essential facts averred in a petition to set aside a sheriff's sale, are aliunde the record, and not verified by affidavit, the petition will not be granted.

Such a petition should set forth the amount the property sold for, and at least the probable amount that it would bring on a resale.

Submitted Oct. 11, 1906.   Appeal, No. 102, Oct. T., 1906, by Polly Catherine Boozer, from order of C. P. Armstrong Co., March T., 1906, No. 33, dismissing petition to set aside sheriff's sale in case of Armstrong County Trust Company v. George Boozer.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Petition of Polly Catherine Boozer, a lien creditor of defendant, to set aside sheriff's sale, on the ground that at the time the sale was made an attack had been made on the validity of the petitioner's judgment which put her at great disadvantages in bidding at sheriff's sale and that for this reason the price which the property brought at the sale was grossly inadequate.

REED, P. J., specially presiding, filed the following opinion :

And now, March 22, 1906, the essential facts averred in this petition which would move the court to grant a rule thereon and to set aside the sale are aliunde the record, and the failure to verify them by affidavit is fatal to the application.   Moreover, the petition is defective in not setting forth the amount the property sold for and at least the probable amount that it would bring on a resale.   So far as the condition of the records referred to is concerned, the petitioner had the same information and knowledge possessed by the execution creditors and purchaser of the property, and it is not apparent that she was not in as good position to protect her judgment at the time of the sale as she would be on a resale.   Furthermore, it would not be fair to the purchaser to permit her to stand by and put upon it the burden of bidding up the property for the protection and benefit of both her and itself, and then allow her to

come in and have the sale set aside because the property was knocked down to it at less than what she alleges is its actual value.

·For the reasons stated· the rule prayed for is denied and the motion to set aside the sale refused.

*Error assigned* was the order of the court.

*Thomas .C. Frame, J. P. Culbertson* and *W. J. Christy*, for appellant.

*Ross Reynolds*, for appellee.

PER CURIAM, January 7, 1907:

Judgment affirmed on the opinion of the court below dismissing the petition.