## Bank of York v. Webster, Appellant.

*Promissory notes—Second endorser—Defenses—Extension of time for payment—Evidence—Equivocal offers of proof.*

1. Where in an action on a promissory note against the second endorser thereof, the defense is that the defendant has been discharged by an extension of time given without his consent to the prior endorser, but defendant does not tender proof of an express contract for extension, but only facts from which such a contract is to be inferred, he must, at least unequivocally offer directly to prove the facts.

2. In an action to recover the amount of a promissory note from the second endorser thereof it appeared that after the action was brought the plaintiff bank, which discounted the note, had accepted certain payments, on account of the note in suit, including a payment of $50.00 on November 8, 1912. Defendant offered to prove that the first endorser of the note paid this "sum of $50.00 to the bank, which was applied by the bank to the payment of interest at that time accrued on the note, and in addition interest in advance on the note to December 20th following" and also "that the bank applied so much of the payment of $50.00 as was necessary to pay in advance the interest on the note in question then due and to December 20th following." It appeared that such payment was insufficient to pay the interest accrued upon the date when the payment was made. The offers were overruled. *Held,* no error.

Argued April 21, 1913. Appeal, No. 157, Jan. T., 1913, by defendant, from judgment of C. P. York Co., Oct. T., 1912, No. 35, on verdict for plaintiff in case of First National Bank of York v. Guy Webster. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit on promissory note. Before Ross, J.

It appeared by the record that on April 25, 1912, the plaintiff discounted a note of J. S. Black for $5,000, payable one hundred and twenty days after date, to the order of O. O. Ettline and endorsed by Ettline and by Guy Webster the defendant. The note was not paid at maturity and protest was waived by the endorser. On

September 19, 1912, the bank brought suit against Webster, the second endorser. Further facts appear by the opinion of the Supreme Court.

The defendant made certain offers of evidence, which, with the court's rulings thereon, were as follows:

"Mr. Black. I propose to show by the witness on the stand and the books he has produced, on November 8th, 1912, O. O. Ettline, the first endorser on this note, paid the sum of $50.00 to the First National Bank which was applied by the bank to the payment of interest at that time accrued on the note, and in addition interest in advance on the note to December 20th following. For the purpose of showing a definite extension of time to O. O. Ettline, the first endorser, which, as a matter of law if a fact, is release of Guy Webster the second endorser.

"Mr. Niles. Objected to as not proper legal evidence for any purpose for the defendant in this issue. That the receipt of $50.00 on account is no defense to the payment of the balance, and is not evidence for the defendant in this issue. It is irrelevant and immaterial.

"By the Court. As the offer stands we are inclined to overrule it. We will hear you, Mr. Black.

(Discussion.)

"Mr. Niles. It is further objected to that the offer itself shows that the $50.00 did not anywhere near pay the interest on the note.

(Discussion.)

"By the Court. We will overrule the offer, and seal an exception for the defendant. (1)

"Mr. Black. It already being in evidence that O. O. Ettline, the first endorser, paid on account of this note to the First National Bank on October 3d, 1912, $25.00; October 8th, 1912, $50.00, and on December 3d, 1912, $25.00, I now propose to prove that on November 8th he paid to the bank the sum of $50.00, and on that day the bank applied so much of the payment of $50.00 as was necessary to pay in advance the interest on the re-

mainder of the note in question then due to December 20th following. For the purpose of showing the facts from which the jury may find a definite extension of time to O. O. Ettline, the first endorser.

"Mr. Niles. This offer is objected to as irrelevant and immaterial; not proper legal evidence for any purpose for the defendant in this issue. That it does not offer any fact showing, or tending to show, an agreement between the bank and O. O. Ettline whereby the bank was precluded from demanding or suing for the amount owing by Ettline upon this note. There is no offer to show that there was any such agreement, or any agreement with Mr. Ettline. There is no offer to show there was any authority or ratification or authorization by the board of directors for any such contract. The offer is relevant to matters occurring after the suit was brought against this defendant, and it is irrelevant, immaterial and inadmissible.

"By the Court. The objection is sustained, the offer overruled and an exception sealed for the defendant." (2)

The court directed a verdict for the plaintiff which was found in the sum of $5,000, and judgment entered thereon. Defendant appealed.

*Errors assigned* were (1-2) rulings on evidence.

*V. K. Keesey,* for appellant.—The payment of interest in advance is a sufficient consideration for an agreement to extend the time of payment: Grayson's App., 108 Pa. 581; Siebeneck v. Anchor Savings Bank, 111 Pa. 187; Bishop's Est., 195 Pa. 85.

The burden of showing that the person secondarily liable assented to the extension is on the party seeking to charge him: Siebeneck v. Anchor Savings Bank, 111 Pa. 187.

The receipt of interest in advance to a period beyond the maturity of a note is prima facie proof of an agree-

ment to extend the time of payment: Walters v. Swallow, 6 Wharton 446; Siebeneck v. Anchor Savings Bank, 111 Pa. 187; Okie v. Spencer, 2 Wharton 253; Grayson's App., 108 Pa. 581.

After a creditor has made an application of a payment, it cannot be altered except by mutual consent, and cannot be altered at all to the prejudice of the rights of third parties: Chancellor v. Schott, 23 Pa. 68; Allegheny Valley R. R. Co. v. Houston, 27 Pitts. Leg. J. 82; Berghaus v. Alter, 9 Watts 386.

*Henry C. Niles,* with him *M. S. Niles, C. A. May* and *Geo. E. Neff,* for appellee.—A surety on a promissory note is not released from liability by the mere payment of interest by the principal, where it does not appear that the interest was paid in advance, or that the note was extended, or in any way varied in its terms: Butler's Est., 30 Pa. Superior Ct. 84.

It is a well settled rule that part payment of a debt, either principal or interest, after maturity, is not a sufficient consideration to support an agreement to give time upon the residue: Grayson's App., 108 Pa. 581.

An agreement to extend the time for the payment of a note must have the essential elements of a contract, including a sufficient consideration and a definite extension of time: Campbell v. Floyd, 153 Pa. 84.

A payment of interest after the maturity of a debt is not sufficient consideration to extend the time for payment; and a promise of extension given under such circumstances will not release a surety: Boring's App., 7 Sadler 362.

OPINION BY MR. JUSTICE MOSCHZISKER, June 27, 1913:
On April 25, 1912, the plaintiff bank discounted a note payable August 23, 1912, for $5,000, first endorsed by the payee and then by the defendant. The note was not paid at maturity, and on September 19, 1912, the

bank brought the present suit; a recovery was had and the defendant has appealed.

The defense was that the second endorser had been discharged by an extension of time given without his consent to the prior endorser. At trial the defendant made two offers of proof, both of which were refused; the refusal of these offers is now assigned for error. The first offer was, "I propose to show by the witness on the stand and the books he has produced, on November 8, 1912, O. O. Ettline, the first endorser on this note, paid the sum of $50 to the First National Bank which was applied by the bank to the payment of interest at that time accrued on the note, and in addition interest in advance on the note to December 20th following," and the second, "It already being in evidence that......the first endorser, paid on account of this note to the First National Bank on October 3, 1912, $25, October 8, 1912, $50, and on December 3, 1912, $25, I now propose to prove that on November 8th he paid to the bank the sum of $50, and on that day the bank applied so much of the payment of $50 as was necessary to pay in advance the interest on the remainder of the note in question then due to December 20th following."

The appellant contends that the application of a payment to the liquidation of interest in advance for a period beyond the maturity of a note, is prima facie evidence of an agreement to extend the paper for the period covered by the advance interest; that he proffered evidence from which the jury could have found a payment of money applied by the bank in discharge of the interest on the note in suit to December 20, 1912; and that the proofs offered were sufficient to submit to the jury as evidence from which such an agreement might be inferred. On the other hand the appellee contends that the mere application of the money on the books of the bank to the payment of interest in advance, if shown, would not have been evidence sufficient to prove a definite agreement to extend the time of payment of the

note; and if it would, under the circumstances of the case, the offers, even though made good, were not sufficient to show the defense depended upon, that is, they did not really proffer proof of payment of interest in advance to December 20th.

In presenting the bank's case counsel stated, "The plaintiff admits since the bringing of this suit the receipt of the following sums on account of the note in suit: October 3d, 1912, $25; October 8th, 1912, $50; November 8th, 1912, $50; December 3d, 1912, $25; received from one of the endorsers, O. O. Ettline." These payments were all made after the institution of the present action, and the admission was that they were "on account of the note," not on account of interest; furthermore, counsel for the defendant expressly recognized in his offers that all moneys given to the bank prior to and after November 8th were "paid on account of this note." When we have in mind that all payments other than the one of $50 on November 8th were admittedly not on account of interest, and that this accrued at the rate of nearly $25 per month, it is clear that the payment on that date would not have met the interest then due, much less paid it in advance to December 20th. It will be noticed that the first offer is to show that the $50 was applied to the payment of interest in advance to December 20,—that is, applied to that purpose, not that it in fact paid the interest to that date, and the second offer does not pretend to show really how the payment was applied; thereunder the amount "necessary to pay in advance to December 20th" might have been applied to an entirely different purpose. When the offers are examined, it will be seen that it was at no time proposed specifically to prove that the $50 did in fact pay interest in advance to December 20, or even that the books of the bank showed the payment of interest to that date. The defendant did not unequivocally say that interest was paid to December 20th, but asked that the fact be inferred because he offered to

prove that some of the $50, paid on November 8th, was applied to that purpose; in other words, when the tenders of proof are studied, it appears that the defendant merely offered to show that part of the $50 had been applied on account of interest calculated to December 20th, not that it actually paid the interest in full to that time. Had the payment of November 8th been sufficient to liquidate the interest in advance to the date in question, then it might be that a court would not be warranted in so minutely dissecting these offers; but since that is not the case, under the circumstances, we feel that the trial judge was justified in looking at the offers closely and critically; and we concur in the conclusion that when so examined in connection with the admitted facts concerning the date of the note, the rate of interest and the nature and amounts of the prior payments, the proofs tendered, if admitted, would not have been sufficient in law to sustain a finding that a valid and sufficient agreement for a definite extension of time had been entered into by the bank and the prior endorser.

We early held concerning the effect of agreements to extend the time of payment, that "to take away from the plaintiff a just debt, in order to relieve a surety, justice requires there should be a clear, distinct agreement by the creditor, placed beyond reasonable doubt for a time certain": Miller v. Stem, 2 Pa. 286, and this rule has not been departed from. See: Stark v. Fuller, 42 Pa. 320, 323; Zane v. Kennedy, 73 Pa. 182, 193; People's Bank of Wilkes-Barre v. LeGrand, 103 Pa. 309, 313; Campbell v. Floyd, 153 Pa. 84, 94; but we also held that under some conditions such an agreement might be inferred: Okie v. Spencer, 2 Whart. 253; Walters v. Swallow, 6 Whart. 446, and that payment of interest in advance was a strong circumstance showing a renewed credit: Grayson's App., 108 Pa. 581, 584; also see: Siebeneck v. Anchor Savings Bank, 111 Pa. 187, 193; Bishop's Est., 195 Pa. 85. In 7 Cyc. 890, it is stated,

"No doubt all the courts agree that proof that the holders of a bill or note, at or after its maturity, received interest in advance for a period beyond its maturity, is not conclusive evidence of an agreement extending the time of payment. Some courts have held that it is prima facie evidence of such an agreement, while others have held that it is neither prima facie nor sufficient evidence, although it may be sufficient with other circumstances to take the case to the jury." Whatever the correct rule may be, for the purposes of the case at bar, it is only necessary to hold that where a defendant does not tender proof of an express contract for an extension, but only facts from which such a contract is to be inferred, he must, at least, unequivocally offer directly to prove such facts. The present offers are faulty in three particulars: First, as already pointed out, they are equivocal. Second, they do not tender direct proof of the basic data from which the alleged contract of extension is to be inferred; the defendant merely proposed to give data from which he desired the deduction made that interest had been paid to December 20th, and from a fact thus established he desired the contract of extension to be inferred,—in other words, he depended upon an inference on an inference. Third, the proofs really offered, when taken in connection with the admitted relevant facts, would not have justified the inferences contended for.

Since we hold the offers insufficient, it is not necessary to discuss other features of the case. The assignments of error are overruled and the judgment is affirmed.