## D'Andrea v. Northeastern Pennsylvania National Bank & Trust Company

*Francis P. Burns* and *Joseph B. Farrell,* for plaintiff.

*John H. Doran,* for defendant.

PINOLA, P. J., March 15, 1967.—Plaintiff, along with her deceased husband, Sam Patner, and John W. Roddy, individually, guaranteed payment on certain promissory notes made or endorsed by Patner-Roddy, Inc., a Pennsylvania corporation.

On default of Patner-Roddy, Inc., defendant commenced suit against plaintiff individually and as executrix of her husband's estate. She paid the sum of $4,692.40 and was given a release by defendant bank, individually and as executrix of her husband's estate.

Subsequently, she was informed by defendant that the sum of $2,817.25 existed in the reserve account of the Patner-Roddy Corporation, for which sum she has made demand on defendant, which demand defendant has refused.

Plaintiff also alleges in paragraphs 14 and 15 of her complaint that additional sums of money exist in the Patner-Roddy, Inc., reserve account and that, further, sums will be deposited therein from time to time in the future.

Defendant has filed preliminary objections to the complaint, which we shall discuss seriatim.

It first objects that plaintiff has a full, complete and adequate remedy at law and that equity lacks jurisdiction in the premises.

The fact that money damages form part of the relief requested does not, in itself, oust jurisdiction of the court of equity. It is at once apparent that plain-

tiff would be required to bring additional actions at law to recover the monies which she alleges will be deposited in the corporation's reserve account from time to time in the future. In addition, she contends that the account contains monies of which she is not aware and seeks an accounting.

In Schrader v. Heath, 408 Pa. 79, the court declared, at page 83:

" 'To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. An *existing remedy at law* to induce equity to decline the exercise of its jurisdiction in favor of a suitor *must be an adequate and complete one*. And when from the nature and complications of a given case, its justice can best be reached, by means of the flexible machinery of a court of equity, in short where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice' ".

Accordingly, we find no merit to defendant's first objection.

Defendant's second objection is based upon the fact that Patner-Roddy, Inc., has not been joined as a party to this action. It contends that since the relief sought by plaintiff in her complaint is for the payment of all monies due in the Patner-Roddy, Inc., account up to the sum of $4,692.40, Patner-Roddy is an indispensable party to the action.

In Plummer v. Wilson, 322 Pa. 118, the court held that the acceptance by the principal debtor of additional security entitled the surety to be subrogated to the rights of the principal in the security and to an assignment of the collateral in the principal's possession upon payment by the surety of the principal's claim. Here, the payment by plaintiff as surety for Patner-Roddy, Inc., of defendant's claim against the corporation entitled her to become subrogated to the

corporation's rights in the reserve account and to an assignment of that account in defendant's possession. There is, therefore, no merit to defendant's second objection.

Lastly, defendant objects that plaintiff has brought this action in her individual capacity, whereas the facts in her complaint indicate that she should have commenced suit in her capacity as executrix of her deceased husband's estate as well. Defendant contends that Helen Patner D'Andrea, executrix of the estate of Sam Patner, is a necessary and indispensable party to the cause of action stated against it.

At argument, plaintiff's counsel agreed to either amend her complaint or file a stipulation to correct that defect.

Accordingly, we enter the following

ORDER

Now, March 15, 1967, plaintiff having agreed to amend the proceedings by including herself as executrix of the Estate of Sam Patner, deceased, as party plaintiff, defendant's preliminary objections are dismissed, and it is required to file an answer within 20 days from the date of the amendment proposed.