## M & M Transportation Company v. Theofilos

*Joseph J. Bernstein,* for plaintiff.

ACKER, J., January 7, 1971.—The matter before the court arises from a rule to show cause why George K. Theofilos, individually and trading and doing business as Sunset Trophy and Plastic Company, should not be permitted to file an answer containing new matter and a petition to strike a judgment.

Plaintiff responds that the petition to which the rule was issued was not properly sworn to as required by the Act of April 9, 1915, P. L. 72, sec. 1, 12 PS §514. That statute reads:

"A judge of any court of record shall not, in any matter, case, hearing, or proceeding before him, receive or consider any petition, or paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations."

This statute has been interpreted to mean exactly as the language states. This court in Shenango Valley Transportation Company v. Stokes (No. 1), 87 D. & C. 486 (1954), through Rodgers, P. J., held that an affidavit by an attorney is not sufficient, citing Safety Banking & Trust Company v. Conwell, 28 Pa. Superior Ct. 237, 239, where it is stated:

"The purpose of the affidavit is to test the defendant's conscience, and every matter of defense should be set forth specifically and with such detail as to show clearly and definitely its relation to the plaintiff's claim so far as they are within the deponent's cognizance or can be ascertained."

In Zetusky v. Saint Clair, 12 Schuyl. 175 (1916), the court, in construing the Act of 1915, held that the language of the statute specifically denied it the right to consider any petition which is not properly verified

and that, page 177, "Under the admitted facts in this case our duty is clear enough without further comment." *

Even prior to the Act of 1915, our Supreme Court held that the failure to verify facts not of record is fatal to an application: Armstrong County Trust Company v. Boozer, 216 Pa. 242, 65 Atl. 669 (1907).

A complaint was filed in the above-captioned action on November 14, 1969, and was served upon defendants on November 14, 1969. An answer to the complaint and new matter was filed on May 28, 1970. This answer is in the name of Alex K. Theofilos only. Due to the failure of defendant, George K. Theofilos, to file an answer, judgment was taken by praecipe on June 1, 1970. On December 4, 1970, without order of court, defendants, George K. Theofilos and Alex K. Theofilos, individually and trading and doing business as Sunset Trophy and Plastic Company, filed an answer to the complaint. This, of course, was done long after judgment had already been obtained against George K. Theofilos. On December 9, 1970, defendant, Alex K. Theofilos, left with this court a petition with a proposed order of court to permit the amended answer and new matter to be filed and that the judgment against George K. Theofilos, individually and trading and doing business as Sunset Trophy and Plastic Company, be stricken. The court refused to enter that order, but instead entered the rule to show cause which is presently the subject of this opinion.

In the petition allegedly of Alex K. Theofilos and George K. Theofilos, facts are alleged not previously of record, among them being that the answer filed by Alex K. Theofilos was really on his own behalf and that of George K. Theofilos; that the Prothonotary of Mercer County, after discussion with his attorney,

---

* See also, In re Road in Nescopeck Township, 20 Luz. 18 (1917); In re Vacation of Road in South Hanover Township, 24 Dauph. 327 (1921); Schoch's Petition, 5 Northumb. 9 (1920).

John W. McWilliams, accepted the amended answer; that Alex K. Theofilos received a letter from John W. McWilliams stating that he advised the prothonotary to accept the amended answer and new matter, but that, in the attorney's view, Pennsylvania Rule of Civil Procedure 1030 required that the amendment be approved by the court or filed with the consent of the opposing party or his counsel; that Alex K. Theofilos represented all the defendants in the above suit. All of these matters require a proper affidavit. The affadavit attached to the petition states that the affiants, Alex K. Theofilos and George K. Theofilos, ". . . depose and say that the facts contained in the foregoing amended answer to complaint and new matter are true and correct to the best of their knowledge, information and belief." One might believe that possibly defendants, by clerical error, placed the wrong affidavit then to the amended complaint, but an examination discloses that the language of the affidavit to the amended complaint is identical, notarized by the same person, but with a typed date of December 4, 1970, whereas the affidavit attached to the petition has a typed date of December 7, 1970. Further examination shows that because of the spacing of the two affidavits, one is not a copy of the other. Therefore, it is clear that the affidavit attached to the petition was not merely a clerical error. By its very language, it deals solely with an amended answer to the complaint and new matter. There is no affidavit concerning the petition. Being such, the position of plaintiffs that there has been a failure to comply with the Act of April 9, 1915, P. L. 72, sec. 1, 12 PS §514, is well taken.

Wherefore, the rule to show cause is dismissed.

## ORDER

And now, January 7, 1971, a rule to show cause in the above-captioned matter why the judgment in the

amount of $337.58 should not be stricken and why Alex K. Theofilos and George K. Theofilos, individually and doing business and trading as Sunset Trophy and Plastic Company, should not be permitted to file an answer containing new matter is discharged.

