**AC&T v. Plummer**

80

*Clinton T. Barkdoll,* for plaintiff.
*Betty Ora Grace Mesler,* for defendant.

GEORGE, *J.,* October 2, 2009—This action was commenced by AC&T Corporation seeking to collect upon credit provided to Plummer Brothers Construction Company in an amount of $11,371.68. The complaint was initiated against Joseph D. Plummer t/d/b/a Plummer Brothers Construction Company. AC&T currently moves for summary judgment alleging there is no issue of material fact. Although Joseph D. Plummer does not take issue with the existence or amount of the credit provided by AC&T, he suggests there is an issue of material fact as to the entity responsible for the debt. Specifically, Plummer claims that Company is a limited liability corporation which shields him from personal liability.

Plummer is correct that officers and members of a limited liability corporation cannot be held personally liable for the debt of the limited liability corporation solely by reason of being a member of that corporation. 15 Pa.C.S. §8922. In an affidavit submitted to the court, there appears to be factual support for his claim that Company is indeed a limited liability corporation. AC&T's complaint, however, seeks personal liability on behalf of Plummer operating under a fictitious name. As there is clearly an issue of disputed material fact, a cursory review of this litigation would seem to support a finding that summary judgment is inappropriate.

A more careful reading of the complaint, however, reveals that AC&T is seeking to impose liability against Plummer under a theory that he personally guaranteed payment of the account. AC&T suggests that there is no

factual dispute under this theory as Plummer has admitted the guarantee as well as the existence and nonpayment of debt by the business entity. Plummer opposes summary judgment under this theory arguing that a factual issue remains as to whether AC&T exercised due diligence in enforcing payment of the debt from the principal debtor, Company, before seeking redress from Plummer as the guarantor.

AC&T relies on *National Loan & Building Association v. Lichtenwalner,* 100 Pa. 100, 103 (1882) for the proposition that the exercise of due diligence to enforce payment from the principal debtor is required before collection may be pursued against a guarantor. While *National Loan* is properly cited for that principle, the opinion was authored at a time when common law distinguished between a surety, who became immediately liable upon default, and a guarantor, who did not become liable until efforts to collect from the defaulting principal proved unavailing. That distinction has subsequently been modified by the legislature's adoption of 8 P.S. §1. See *Leedom v. Spano,* 436 Pa. Super. 18, 647 A.2d 221, 225 (1994). 8 P.S. §1 provides that all agreements to answer for the debt of another will be regarded as a suretyship unless the agreement shall specifically contain words which, in substance, state that the guarantee is not intended to be a contract of suretyship. 8 P.S. §1. This modification is significant because, as mentioned, a creditor may look to the surety for immediate payment upon the debtor's default without first attempting to collect a debt from the debtor. *McIntyre Square Associates v. Evans,* 827 A.2d 446, 451 n.7 (Pa. Super. 2003); *Plummer v. Wilson,* 322 Pa. 118, 122, 185 A. 311, 313 (1936).

Instantly, the written personal guarantee relied upon by AC&T does not contain any language intended to except the agreement from being one interpreted as a contract of suretyship. Rather, the guarantee, by its terms, unconditionally binds Plummer for payment and performance recognizing that credit to the business entity would not have been extended absent the personal guarantee. Although the agreement is styled as one of guarantee, this designation is not dispositive. Rather, appellate authority instructs that the intent of the parties is gathered from the language of the contract. *In Re F.B.F. Indus. Inc.,* 165 B.R. 544, 548 (Bankr. E.D. Pa. 1994). In reading the written contract in its entirety, I conclude, as a matter of law, that the contract is one of surety. See 8 P.S. §1.

Having interpreted the contract as one of suretyship, the propriety of entering summary judgment is clear. As previously mentioned, Plummer admits that AC&T extended credit to the business entity in the amount of $11,371.68. Plummer further admits that the account remains outstanding as the business entity has not made payment on the same. As there is no factual dispute that Plummer executed a personal guarantee in the form of a surety which secured the credit to the business entity, summary judgment is granted.

For the foregoing reasons, the attached order is entered.

## ORDER

And now, October 2, 2009, summary judgment is entered in favor of the plaintiff, AC&T, and against the defendant, Joseph D. Plummer, in the amount of

$11,371.68 plus costs and interest at the legal from the date of judgment.