# L. H. Harris, Appellant, *v.* Charles Reinhard et ux.

*Married woman—Principal and surety—Opening judgment.*

A judgment against a married woman may be opened where there is evidence that the bond upon which judgment was entered was executed by defendant as security for her husband's debt and to save the contents of the husband's store from being sold by the sheriff, and that defendant was in no way interested in the store, and was not originally liable for the debt.

Argued Nov. 2, 1894. Appeal, No. 237, Oct. T., 1894, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1889, No. 339, making absolute rule to open judgment. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to open judgment against married woman.

The evidence for petitioner tended to show that on May 25, 1889, Sarah A. Reinhard gave a bond to secure the payment of a debt due by her husband, Charles Reinhard, to plaintiff. At the time the bond was given, plaintiff had obtained judgment against Charles Reinhard, and had issued execution thereon. After the delivery of the bond, the execution was withdrawn from the husband's store. Defendant averred that she had no interest in her husband's store, and that she had no dealings with plaintiff whatever.

Rule to open judgment absolute. Plaintiff appealed.

*Error assigned* was above order.

*James H. Porte*, for appellant, cited: Act of June 3, 1887, P. L. 332; Real Estate Co. v. Roop, 132 Pa. 496; Milligan v. Phipps, 153 Pa. 208; Abell v. Chafee, 154 Pa. 254.

*James Fitzsimmons, Arch. H. Rowand, Jr.*, with him, for appellee, cited: Act of June 3, 1887, P. L. 332; Miner v. Graham, 24 Pa. 491; Real Est. Co. v. Roop, 132 Pa. 496.

PER CURIAM, Nov. 12, 1894:

We think the learned court below was entirely correct in opening the judgment as to Sarah A. Reinhard and letting her

into a defence.    When the facts are fully developed on the trial the merits of the controversy can be intelligently considered.

Order affirmed.