## Lengert *v.* Chaninel, Appellant.

| 208 | 229 |
| s 26 SC | 626 |
| 26 SC | 628 |
| s 26 SC | 629 |
| 208 | 229 |
| 220 | ²272 |

*Sheriffs' sale—Rule to set aside—Effect of reversal of judgment—Execution.*

A rule to set aside a sheriff's sale taken after payment of the purchase money, the acknowledgment, delivery and recording of the sheriff's deed and possession obtained by the purchaser is in the absence of fraud too late; and this is the case even where the plaintiff in the execution is the purchaser at the sheriff's sale, and the judgment on which the sale was founded has been reversed.

*Execution—Sheriff's sale—Reversal of judgment—Restitution—Purchase by execution creditor.*

The ninth section of the act of 1705, 1 Sm. L. 57, which provides that where the land has been sold under a writ issued upon a judgment which was afterwards reversed, the land shall not be restored, but there shall be "restitution in such cases only of the money or price for which such lands were or shall be sold," applies even where the land has been purchased by the execution creditor.

Argued Jan. 19, 1904. Appeal, No. 191, Jan. T., 1903, by defendant, from orders of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 4198, discharging rule to set aside sheriff's sale, and making absolute rule for restitution in case of Michael A. Lengert v. William D. Chaninel and Edward D. Chaninel. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Rule to set aside sheriff's sale and rule for restitution. The opinion of the Supreme Court states the case.

*Errors assigned* were (1) in discharging the rule to set aside sale; (2) in making absolute rule for restitution of the proceeds of the sale.

*William S. Divine*, for appellant.—The sheriff's sale under the plaintiff's judgment, appealed from prior to the sale and reversed twenty days after the sheriff's deed was acknowledged to a volunteer, who holds title as trustee for the plaintiff, whose judgment was reversed, is not a bona fide purchaser and such sale is void, and, even if not absolutely void, should have been set aside by the court when such circumstances were coupled with gross inadequacy of price : Stroup v. Raymond, 183 Pa. 279 ; Fidelity B. & L. Assn. v. Uhler, 199 Pa. 417 ; Light v. Zeller, 195 Pa. 315 ; Ritter v. Getz, 161 Pa. 648.

The defendant, terre-tenant or real owner, upon the reversal of the plaintiff's judgment, was entitled to a writ of restitution restoring to him the mortgaged premises, and this right to a writ of restitution was not defeated by the action of the plaintiff in placing the title in the name of a third party for the purpose of defeating the defendant's rights upon the reversal of the judgment, nor was the right of restitution limited to the money in the sheriff's hands : Breading v. Blocher, 29 Pa. 347 ; Whitesell v. Peck, 176 Pa. 170 ; Krepps v. Mitchell, 156 Pa. 320 ; Galpin v. Page, 85 U. S. 350 ; Robinson v. Alabama & G. Mfg. Co., 67 Fed. Repr. 189.

*W. H. G. Gould*, with him *Francis E. Bucher*, for appellee.—The reversal of a judgment upon which a levari facias issued is no ground for setting aside the sheriff's sale, even though the purchaser be the plaintiff : Lea v. Union Transfer Co., 14 W. N. C. 512 ; Arnold v. Gorr, 1 Rawle, 223 ; Warder v. Tainter, 4 Watts, 270 ; Tarbox v. Hays, 6 Watts, 398 ; Duff v. Wynkoop, 74 Pa. 300 ; Shannon v. Newton, 132 Pa. 375.

Where judgment upon scire facias sur mortgage is reversed, but before reversal the mortgaged premises were sold by the sheriff on a writ of levari facias, the premises so sold shall not be restored. Restitution will be made only of the money or price for which the premises were sold : Gould v. McFall, 118 Pa. 455 ; Travellers' Ins. Co. v. Heath, 95 Pa. 333 ; Hughes's App., 90 Pa. 60 ; Ranck v. Becker, 13 S. & R. 41 ; Cassell v. Cooke, 8 S. & R. 296.

OPINION BY MR. JUSTICE FELL, February 29, 1904 :
The plaintiff in an action on a mortgage obtained judgment

for want of a sufficient affidavit of defense. The defendants appealed, but failed to make the appeal a supersedeas by entering security, as required by the Act of May 19, 1897, P. L. 67. The plaintiff, notwitstanding the appeal, proceeded to collect his judgment and caused the land to be sold by the sheriff, and through his attorney became the purchaser thereof. Twenty days after the acknowledgment and delivery of the sheriff's deed, the judgment was reversed by this court on the ground that the averments of the affidavit of defense were sufficient to entitle the defendants to a trial. A month after the reversal of the judgment the defendants obtained two rules, one to show cause why the sheriff's sale should not be set aside, the other to show cause why a writ of restitution should not issue. After hearing by the court the first rule was discharged, and the second was made absolute, and it was directed that "a writ of restitution of the money or price for which the mortgaged lands were sold at the sheriff's sale issue returnable sec. leg." This appeal is from these orders. The defendant's contention as to the latter is that the land should have been restored, and if not this, then the full value thereof and not merely the price at which it was sold.

The rule to set aside the sheriff's sale was taken after the payment of the purchase money, the acknowledgment, delivery and recording of the sheriff's deed, and possession obtained by the purchaser. It was too late, because the court was without power to act by rule. If there was doubt as to this subject before it was set at rest by the opinion in Evans v. Maury, 112 Pa. 300, in which it was said : " We have no doubt as to the proper rule. The delivery of the deed by the sheriff after it had been properly acknowledged, the sale confirmed and the purchase money paid vests the title in the purchaser. It is a good title until it is proved that he obtained it by fraud, involving in most cases a conflict of testimony. . . . It is a very great stretch of power, far greater than any chancellor ever exercised, to dispose of such grave questions in a summary manner. We cannot concede the power of any single judge of wresting a man's title from him on a rule to show cause." This ruling was followed in the recent case of Media Title and Trust Co. v. Kelly, 185 Pa. 131. It does not affect the question that the plaintiff in the execution was the pur-

chaser at the sheriff's sale and that the judgment on which the sale was founded has been reversed. His title was perfected by the acknowledgment and delivery of the deed, and it could not be taken from him by this process. The question was the power of the court, no fraud having been practised on it, to set aside the sale in a rule to show cause, and it has been settled that the court has not this power.

The ninth section of the act of 1705, 1 Sm. L. 57, provides that where the land has been sold under a writ issued upon a judgment which was afterwards reversed, the land shall not be restored, but there shall be " restitution in such cases only of the money or price for which such lands were or shall be sold." It is conceded that if the land had been purchased by a stranger his title would be unquestionable, and that there could be no restitution. But it is argued that since the purchaser was the execution creditor, he is not a bona fide purchaser and within the protection of the act. We see no reason whatever for the imputation of mala fides to the appellee. By a regular course of proceeding in a court of competent jurisdiction he obtained a judgment perfectly valid on its face, and followed the course pointed out by law for its collection. He did only what the law gave him the right to do, and the appellants' trouble has arisen from their own failure to follow the course prescribed by law to suspend proceeding until final judgment. The act of 1705 makes no exception against the right of an execution creditor, and we can make none. During the long period the act has been in force there have been but few decisions on the question but these all sustain the view that no distinction can be drawn between a purchase by the plaintiff and a purchase by a stranger to the action. In Arnold v. Gorr, 1 Rawle, 223, it was said: " I see no difference, or reason for a difference, between the case of the plaintiff in the execution becoming a purchaser, and that of a stranger. The act of assembly is general in its provisions in protecting purchasers, and I see no reason in restraining it to strangers only." The dicta to the contrary in some earlier cases were disproved in this opinion. This statement of the law was distinctly approved in Hale v. Henrie, 2 Watts, 143; Warder v. Tainter, 4 Watts, 270 ; Tarbox v. Hays, 6 Watts, 398.

It is sufficient answer to the contention that the restitution

ordered should have been the value of the land sold, that the act prescribes what shall be restored as the money or price for which the lands were sold, and the court had no power to exceed this limit.

The orders are affirmed.