## Lengert, Appellant, *v.* Chaninel.

*Execution—Restitution—Act of January* 12, 1705, 1 *Sm. L.* 57.

Where land is sold under a judgment on a scire facias sur mortgage and on appeal without supersedeas the judgment is reversed, restitution is made "only of the money or price for which the lands were sold." In such a case the proceeds of the sale, after deducting the costs and the liens discharged by the sale, are to be distributed to the defendant.

*Res adjudicata—Execution—Restitution.*

Where land has been sold pending an appeal which has not been made a supersedeas, and in later proceedings the court discharges a rule to set aside the sale, and makes absolute a rule for restitution, but in neither of these proceedings passes upon the question as to who is entitled to the proceeds of the sale, such question has not been adjudicated, and may thereafter be considered by the court.

Argued Oct. 7, 1904.    Appeal, No. 170, Oct. T., 1903, by

plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 4198, awarding writ of restitution without directing payment of money into court, in case of Michael A. Lengert v. William J. Chaninel, Mortgagor, and Edward D. Chaninel, Real Owner. Before RICE, P. J., BEAVER, SMITH, PORTER, and MORRISON, JJ. Reversed.

Petition for writ of restitution.

The facts appear by the opinion of the Superior Court and by Lengert v. Chaninel, 208 Pa. 229.

*Errors assigned* were (1) in granting a writ of restitution in the above case ; (2) in entering the following decree : "Let writ of restitution of the money or price for which the mortgaged lands were sold at sheriff's sale issue. Returnable sec. leg.," and (3) in not directing that the money or price for which the mortgaged lands were sold at sheriff's sale should be paid into court.

*W. H. G. Gould*, with him *Francis E. Bucher*, for appellant.—Restitution is not a matter of strict legal right but is a matter of grace under all the circumstances of the case, which will be withheld, if to grant it will do an injustice to any other person : Gould v. McFall, 118 Pa. 455 ; Hughes's App., 90 Pa. 60.

In a proper case for restitution, if there be any unsatisfied liens which were discharged by the sheriff's sale, the proceeds of the sale shall not be paid to the defendant, but be paid into court to satisfy such liens: Kirk v. Eaton, 10 S. & R. 103 ; Ranck v. Becker, 13 S. & R. 41 ; McAleer's Petition, 4 Pa. Superior Ct. 563.

*William S. Divine*, for appellee.—Where a judgment upon a scire facias sur mortage is reversed, but before reversal the mortgaged premises were sold by the sheriff on a writ of levari facias, the premises so sold shall not be restored. Restitution will be made only of the money or price for which the premises were sold.

And if there be any unsatisfied liens which were discharged by sheriff's sale, the proceeds of the sale shall not be paid to the defendant, but paid into court to satisfy such liens.

OPINION BY SMITH, J., December 12, 1904 :

In an action of scire facias on a mortgage, the plaintiff obtained judgment, July 30, 1902, for $5,562.50, for want of a sufficient affidavit of defense.  On August 15, the defendants appealed.  The bail to make the appeal a supersedeas not being given, execution was issued, and on March 2, 1903, the mortgaged land was sold by the sheriff to the plaintiff for $500.  On March 30, 1903, the judgment was reversed by the Supreme Court, with a procedendo : Lengert v. Chaninel, 205 Pa. 280.  The defendants then, in the court below, obtained a rule to set aside the sale, and another for a writ of restitution.  On July 3, the former rule was discharged, and the latter made absolute, with the order: " Let writ of restitution of the money or price for which the mortgaged lands were sold at the sheriff's sale issue, returnable sec. leg."  From these orders, the defendants, on July 21, appealed to the Supreme Court, and the plaintiff, on July 23, appealed to this court.  On the former appeal, on February 29, 1904, both orders were affirmed : Lengert v. Chaninel, 208 Pa. 229.  The latter appeal is now before us for determination.

The judgment on which the land was sold was not void because of the error through which it was entered; it was voidable only at the instance of the defendants.  Until reversed, however, it had all the qualities and incidents of a judgment free from error, and was valid for all purposes, including execution : Sweeney v. Girolo, 154 Pa. 609 ; Ogle v. Baker, 137 Pa. 378.  When the mortgaged land was sold, the judgment stood unreversed, and unaffected by the appeal.  As to restitution, upon reversal of judgment after a sale of land, the act of January 12, 1705, 1 Sm. L. 57, provides that lands sold on a judgment that warrant execution shall not be restored, or the sale avoided, upon subsequent reversal of the judgment, but that restitution shall be made " only of the money or price for which the lands were sold."  Under this act, and the decision of the Supreme Court in Lengert v. Chaninel, 208 Pa. 229, the first and second specifications must be overruled.

The appellee has moved to quash the appeal, on the ground that all the questions involved in it have been adjudicated by the Supreme Court on his own appeal, in the case last cited.  This must be determined by the record.  In the case referred

to, as reported in 208 Pa. 229, the matters assigned for error were "(1) in discharging the rule to set aside the sale ; (2) in making absolute rule for restitution of the proceeds of the sale." There is no allegation here, by the appellee, that the specifications involved anything beyond these points ; and the opinion of the court states that "The defendants contention as to the latter [the order of restitution] is that the land should have been restored, and if not this, then the full value thereof and not merely the price at which it was sold." Nothing in the assignments of error, the arguments of counsel or the opinion of the court, indicates that anything was presented, considered, or determined, except the quantum of restitution, or that the parties, the counsel, or the court had in view the final disposition to be made of the money of which restitution was ordered. The question here raised by the third specification was not before the Supreme Court in any form. This question remains for determination by this court ; and the motion to quash is overruled.

The order of restitution is silent as to the disposition to be made of the money which it requires the plaintiff to restore. This disposition, however, is fixed by law. Since the sale was valid, the proceeds are to be distributed as on any valid sale, except that the defendant is to be substituted for the plaintiff as a party entitled to share in the fund  In such distribution, the costs of sale, and liens discharged by the sale, are first payable. This, being a payment of the defendant's indebtedness charged on the land, is in effect restitution to him. Any residue, which without an order of restitution would be distributed to the plaintiff, is by such order to be distributed to the defendant. Restitution, in accordance with the statute, is thus made complete.

The third specification is sustained, and it is ordered that the money or price for which the land was sold be paid into court and distributed in accordance with this opinion.