Civil action to recover on judgment alleged to have been entered in the Court of Common Pleas of York County, Pennsylvania.
It appears uncontroverted that on 22 March, 1918, defendants executed an amortization first mortgage note in the sum of $6,000, payable *Page 587 
to the Federal Land Bank of Baltimore "on an amortization plan and in accordance with amortization tables provided by the Federal Farm Loan Board" in the manner and form set out. In this note it is provided that "if any default be made in any of such payments, or in case of failure to comply with any of the requirements or covenants contained in the mortgage given by the makers to secure the payment of this note, then at the election of the holder . . . the principal sum hereof and all accrued interest thereon shall at once become due and payable, including a collection fee of five per cent, and costs, and immediately upon such defalcation and maturity I hereby authorize any prothonotary or attorney of any court of record in Pennsylvania or elsewhere to confess judgment against me therefor, with costs of suit, release of errors, and with five per cent additional for collection fees . . ." The note further provides that it is secured by first mortgage of even date therewith on real estate in York County, Pennsylvania. Such mortgage was effected. And though the defendants collaterally attacked the proceedings, the mortgage was foreclosed under order of court and the lands were sold, under writ oflevari facias, to plaintiff at the price of $1,000.00, from which costs and expenses were deducted, leaving the net amount of $697 to be credited on the note.
Plaintiff, in its complaint, alleges that on 17 January, 1938, judgment in its favor, and against defendants, was rendered and duly filed and enrolled in the Court of Common Pleas in and for the County of York, State of Pennsylvania, for $6,538.67, all of which with interest is due and owing to plaintiff by defendants after demand upon them and payment refused.
Each of defendants in separate answer filed admits demand and refusal to pay, but denies all other material allegations of the complaint.
Defendants aver as defense that plaintiff knew the addresses of defendants, and of George S. Garman, to whom defendants had deeded land in question on 15 November, 1926, and who had assumed payment of indebtedness to the Land Bank, and had for a period of several years made regular payments to said bank; that in the foreclosure proceeding there was failure to comply with quoted statute of the State of Pennsylvania as to service ofscire facias sur mortgage; that, notwithstanding, no service of the scirefacias sur mortgage was made upon these defendants or George S. Garman, the sheriff proceeded with the foreclosure of said land, and on 13 February, 1936, on a writ of levari facias sold said land to plaintiff for the unconscionable sum of $1,000.00 and conveyed same to him by deed dated 24 February, 1936, which sale the defendants upon information aver "To be unlawful, invalid, and a fraud" upon them, and "hence void and of no effect," and, therefore, no deficiency judgment could be established or sustained upon which to base judgment; *Page 588 
and that in the proceeding for deficiency judgment there is failure to comply with the authority given in the note in that no prothonotary or attorney of any court of record therein authorized to confess judgment has done so, and, hence, judgment entered constitutes a fraud on rights of defendants. Defendant Sarah Edith Garman avers that the judgment sued on in this action is invalid as to her for that she, a married woman, signed the note on which the judgment was obtained as an accommodation maker thereof, or surety for her husband, and without receiving before or at the time any value or consideration therefor.
In the trial court plaintiff offered in evidence: (1) An exemplified copy from the records and proceedings enrolled in the Court of Common Pleas in and for the County of York, State of Pennsylvania, No. 238, January Term, 1938, under caption "The Federal Land Bank of Baltimore v. Levi S. Garman and Sarah Edith Garman, his wife," (a) of the amortization first mortgage note dated 22 March, 1918, signed by defendants herein payable to the plaintiff herein for $6,000 hereinabove described, and containing the provisions hereinabove set forth, with notation "mortgage foreclosed 12-7-35, see suit of the Federal Land Bank of Baltimore v. Levi S. Garman," and on back of note endorsement of dates and amounts of payments; (b) of affidavit of treasurer of, and on behalf of Federal Land Bank of Baltimore, filed and entered 17 January, 1938, in said action No. 238 above described, in which it is set forth "that the attached amortization first mortgage note, containing a warrant of attorney to confess judgment was duly executed and delivered by Levi S. Garman and Sarah Edith Garman, whose names are signed thereto; that the mortgage given as security for the aforementioned amortization first mortgage has been foreclosed, and it is now the desire of the Federal Land Bank of Baltimore to enter judgment by confession against Levi S. Garman and Sarah Edith Garman, by the virtue of the power of attorney in said note, in order to collect a deficiency of $6,538.67, now due and payable according to law"; "that the amount of said deficiency has been computed according to law as follows: . . . (itemized — including credit of net proceeds of sale of land); and that the debtors are, at the present time, still living"; (c) of an order signed by President-Judge reading as follows: "And now, January 17, 1938, upon motion of J. T. Atkins, attorney for the plaintiff, the court grants leave to the plaintiff to enter judgment by confession in the sum of Six Thousand Five Hundred Thirty Eight Dollars and Sixty Seven Cents ($6,538.67), the amount set forth in the foregoing affidavit in favor of the Federal Land Bank of Baltimore and against Levi S. Garman and Sarah Edith Garman, his wife, by virtue of the warrant of attorney in the instrument attached hereto"; (d) of entry of "judgment in favor of the plaintiff for the sum of Six Thousand Five Hundred Thirty Eight *Page 589 
Dollars and Sixty Seven Cents ($6,538.67) debt on note dated March 22, 1918, with warrant of attorney payable as conditioned in said note with cost of suit, release of errors, exemption, inquisition, condemnation, stay of execution and right of appeal waived with five per cent collection fees. Filed and entered January 17, 1938. Harry P. Peeling, Prothonotary"; and (e) of judgment cross index entries. Exception. (2) Purdon's Pennsylvania Statutes, Civil Eq. Rem. Procedure 12, Section 739, pertaining to entry of judgments by confession under warrant of attorney. (3) Rule 146 of the Rules of the Court of Common Pleas of York County, Pennsylvania, requiring leave of court to be obtained to enter judgment when the warrant of attorney is ten years old and under twenty. Exception.
On the other hand, on the trial below defendants testified to the effect: That they, who on 22 March, 1918, were residing and have since resided in Oxford, Granville County, North Carolina, defendant Sarah Edith Garman never having resided in the State of Pennsylvania, received no notice (1) of any proceeding for the foreclosure in Pennsylvania of the mortgage executed by them on 22 March, 1918, to the Federal Land Bank of Baltimore as security for note of $6,000 payable to said bank, or (2) of any suit in courts of Pennsylvania against them in 1938, or at any other time, to recover of them any amount alleged to be due on the said note; and that defendant Sarah Edith Garman owned no interest in the land conveyed by the mortgage given to the bank, and, derived no benefit from the borrowed money secured thereby.
Defendant further offered exemplified copy, from the records of proceedings in the Court of Common Pleas, York County, Pennsylvania, in an action No. 105, entitled "The Federal Land Bank of Baltimore v. Levi S. Garman and Sarah Edith Garman, his wife, original mortgagors, George S. Garman and Carrie M. Garman, real owners," January Term, 1936, (1) of affidavit of assistant treasurer of, and on behalf of Federal Land Bank of Baltimore, filed in prothonotary's office, 18 December, 1935, in which it is set forth that said bank is mortgagee and obligee in a certain mortgage and amortization note, dated 22 March, 1918, executed, acknowledged, and delivered by Levi S. Garman and Sarah Edith Garman, his wife, as original mortgagors and obligors to the Federal Land Bank of Baltimore to secure the payment of Six Thousand ($6,000) Dollars on a tract . . . of land in York County . . .; the balance due . . . on account of the said mortgage deed . . . (itemized-totalling) "$6,270.06; that the whole of the said debt has been declared due and payable by reason of default of mortgagors or obligors and their heirs and assigns, in payment of . . . (installments 19311935 listed), in failing to pay the taxes on the mortgaged premises for 1934-1935, and in failing to maintain insurance on the mortgaged *Page 590 
premises as required by the terms and conditions of the aforesaid mortgage and of the note secured thereby . . ."; that the affiant has been unable "to ascertain that there are any other persons interested in said real estate except those above mentioned, and, . . . and that the real owners are George S. Garman and Carrie M. Garman, his wife, Reisterstown, Maryland"; (2) of praecipe by attorney for the Land Bank for "writ of scirefacias returnable the first Monday of January, 1936, sur mortgage given by Levi S. Garman and Sarah Edith Garman, his wife, to the Federal Land Bank of Baltimore, dated March 22, 1918," copy of which is attached, and alleging facts substantially as set forth in the last foregoing affidavit, and that "plaintiff further avers that the said Levi S. Garman and Sarah Edith Garman, his wife, by their deed dated November 15, 1926, . . . sold and conveyed the said property to George S. Garman and Carrie M. Garman, who are the present owners of said land, who have continued the defaults hereinbefore declared"; (3) of scire facias sur mortgage, dated 18 December, 1935, commanding the sheriff to "make known to the said Levi S. Garman and Sarah Edith Garman, his wife, original mortgagors, and George S. Garman and Carrie M. Garman, real owners, that they" appear before "our Judges at York, at our Court of Common Pleas . . . on the first Monday of January, A.D. 1936, . . . to show . . . why the said premises . . . should not be seized and taken in execution, and sold to satisfy the debt and interest aforesaid . . .," to which as to said original mortgagors and said real owners the sheriff shows "my return is nihil habet"; (4) of judgment of P. J. at January Term (13 January), 1936, in which after reciting service of writ of scire facias sur mortgage upon tenant in possession of property, and return of sheriff "nihil habet" as above stated, and that no appearance has been entered and no affidavit of defense filed, judgment by default upon motion therefor was entered in said action in favor of the plaintiff and against the defendants "for want of an appearance and for want of an affidavit of defense" in the sum of $6,270.06, and attorney's fee and commissions, and "the court orders that the plaintiff shall have execution by the levari facias directed to the proper officer"; (5) oflevari facias issued 14 January, 1936, in the name of President-Judge by Prothonotary to sheriff of York County; and (6) of answer of sheriff onlevari facias showing sale of real estate 15 February, 1936, to the Federal Land Bank of Baltimore for $1,000, from which cost amounting to $303 is deducted, leaving a net of $697.
Upon evidence so offered by plaintiff and by defendants the court submitted this issue: "In what amount, if any, are defendants, Levi S. Garman and Sarah E. Garman, indebted to the plaintiffs?"
The court charged in substance that if the plaintiff has satisfied the jury by the greater weight of the evidence, the burden being upon the *Page 591 
plaintiff, that the judgment, referred to on the exemplified copy of the certified record from the Court of Common Pleas of the County of York, Pennsylvania, was rendered in said court on 17 January, 1938, then it would be the duty of the jury to answer the issue $6,538.67, with interest thereon from 17 January, 1938, until paid. In accordance therewith the jury returned verdict.
From judgment thereon defendants appeal to the Supreme Court and assign error.
Pending appeal, defendants file motion for new trial on account of newly discovered evidence.
The record on this appeal upon careful consideration leads us to the conclusion that the judgment in suit is a valid judgment of the court of common pleas of the State of Pennsylvania, and entitled in the courts of this State to be given such faith and credit as it has by law or usage in the State in which it was pronounced. U.S. Constitution, Art. IV, sec. 1,Bonnett-Brown Corp. v. Coble, 195 N.C. 491, 142 S.E. 772, and cases cited.
The Bonnett-Brown case, supra, relates to a judgment of the municipal court of Chicago, in the State of Illinois, entered by confession on warrant of attorney, and is directly applicable to the case in hand. There the Court quotes with approval from 40 A.L.R., 441, Ann., this statement of law: "It is established, practically without dissent, that the fact that a judgment of a court of another state was entered under a warrant of attorney to confess judgment executed contemporaneously with the principal obligation, and without service of process or appearance other than that pursuant to the warrant itself, does not take it out of the full faith and credit provision of the Federal Constitution, or disentitle it to the recognition and effect accorded to other judgments of sister states, when asserted as the basis of an action or defense. And this is true whether or not such judgments of that kind are permitted in the state in which the judgment of the sister state is asserted." See, also, 89 A.L.R., 1503, Ann.
That being the settled law, pertinent to case in hand, it is appropriate to see what is the law of Pennsylvania on the subject.
Purdon's Pennsylvania Statutes, Section 739, Title 12, relating to confession of judgment on notes, provides that: "It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which *Page 592 
judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiff's attorney, when the judgment is entered on any instrument of writing as aforesaid. (1806, Feb. 24, P. L. 334, 4 Sm. L. 270, Sec. 28)."
The Supreme Court of Pennsylvania, speaking in opinion by Duncan, J., rendered September, 1821, in the case Helvete v. Rapp, 7 Sergeant Rawles Rep., 22 Pa., 305, in regard to judgment by confession entered 17 May, 1815, under this act, had this to say: "The evident and sole intention of the Legislature in conferring the power of entering a judgment on the judgment bond without the intervention of an attorney was, to exempt the obligor from the payment of costs to an attorney. This act was passed on 24 February, 1806. . . . There being no literal form directed, and no precedent to guide the Prothonotaries in the exercise of this new duty, each has adopted his own mode; they are as various as their faces, and many of them scarcely present feature to inform a purchaser or designate a judgment; but here is a substantial entry of a judgment bond, containing all that is necessary to give information. It is entered on the docket in the form of an action, as a judgment bond, the names of the parties, the amount due, the date and time of the writing. It states the entry of a judgment bond, and seal of the defendant; the judgment bond is filed of record, entered the 17th May, 1815. What is entered? A judgment on the judgment bond filed. No man could be deceived by this mode of entry, for however inartificial it may be, however defective in the technical words of a judgment, none who called for information could be led into error; the docket entry gave full information. It might have been more formal, but still it is the entry of a judgment entered by the Prothonotary, who was authorized to make the entry."
Also, in case of The Commonwealth against Conard, et al., 1 Rawles Rep.,33 Pa., 249, this headnote epitomizes pertinent portion of the opinion of the Supreme Court: "A prothonotary complies, substantially, with the directions of the Act of assembly of the 24th of February, 1806, when, in entering judgment on a bond with warrant of attorney, upon *Page 593 
the application of the party, he enters on his docket the names of the obligor and obligee, in the form of an action, as parties, the date of the bond and warrant of attorney, the penal sum, the real debt, the time of entering judgment, and the date of the judgment on the margin of the record."
And in the case of Whitney v. Hopkins, 135 Pa., 246, 19 A. 1075,Williams, J., writing for the Supreme Court, it is said: "The prothonotary of the court of common pleas is merely the clerk of the court. He has no authority, virtute officii, to act as the clerk, agent, or attorney of any person . . . As an individual, he may be authorized to act for another in the same manner that any other person may be; and, when so authorized, his powers are derived from the instrument under which he acts, and not from his office . . . To justify him in acting for suitors, an express authority must be shown, coming either from the person to be affected by his acts, or from an act of the General Assembly. By the Act of 24th February, 1806, it was made the duty of the prothonotary of any court of record within the commonwealth, on the application of the holder, to enter judgment on any note, bond, or other instrument of writing in which judgment is confessed by the maker, or which contains a warrant of attorney for an attorney at law or other person to appear and confess judgment thereon."
Furthermore, the Supreme Court of Pennsylvania states that, "It is settled that every judgment entered on a specialty, with warrant of attorney to confess judgment, must follow strictly the authority conferred by the warrant. The attorney who executes the warrant cannot change its terms or enlarge its scope." In re Claghorn's Estate (Pa.), 37 A. 918.
Moreover, the rules of the courts of the Nineteenth Judicial District, comprising the County of York, Pennsylvania, adopted 1 December, 1937, provide: "Rule 146. If a warrant of attorney to enter judgment be above ten years old and under twenty, the Court in term time, or a Judge thereof, in vacation, must be moved for leave to enter judgment, which motion must be grounded on an affidavit setting forth that the money is unpaid and the party living, but if the warrant be above 20 years old, there must be a rule to show cause served upon the party, if he be within the State."
When tested by these principles the facts shown in the record disclose strict compliance with the requirements for a valid judgment in the State of Pennsylvania. Defendants contend. however, that the record shows that, in the order granting leave to enter judgment, the court vested the plaintiff with authority to enter judgment by confession against defendants. Yet, the order granting leave to plaintiff to have judgment by confession specifies "by virtue of the warrant of attorney in the *Page 594 
instrument attached hereto." And the judgment as entered shows there the prothonotary entered it "on note dated March 22, 1918, with warrant of attorney." Hence, there is no deviation from the strict provision of the warrant set out in the note, which authorizes any prothonotary to confess judgment.
It is worthy of note here that the New York Court of Appeals in case ofTeel v. Yost (1891), 128 N.Y. 387, 13 L.R.A., 796, 28 N.E. 353, in affirming judgment of New York Court in action upon a judgment confessed in 1878 by the prothonotary of the court of common pleas of Pennsylvania, after quoting from the cases of Helvete v. Rapp, supra, and Commonwealth v.Conard, supra, uses this language: "These clear and explicit announcements by the highest courts of the State, of the force and effect given to such judgments in that State, are entitled to the highest respect, and cannot, without ignoring the requirements of comity and propriety prevailing among sister states, be disregarded by the courts of other States . . ."
Defendants further contend that there is irregularity in the foreclosure proceeding, and that the land was sold to plaintiff at an unconscionable price. In this connection, it is noted that the levari facias sur mortgage, under which the sale was had, was authorized in a judgment entered by the court of common pleas of York County, and that the land was sold 15 February, 1936, and conveyed 24 February, 1936, by the sheriff to plaintiff. There is no direct evidence as to the insufficiency of the price paid. But, in any event, these are matters collateral and anterior to entry of judgment in question and relate to the merits of the subject matter, as to which inquiry is precluded in suit on such judgment. Miller v. Leach,95 N.C. 229; Bonnett-Brown Corp. v. Coble, supra.
However, if there were evidence in the record to support the allegation of plaintiff that the sheriff, under the writ of levari facias, sold the land to plaintiff for an unconscionable price, the decisions of the courts of Pennsylvania show that: (1) Where, following a sheriff's sale, there has been an acknowledgment, delivery and recording of sheriff's deed, a rule to set aside the sale is, in the absence of fraud, too late. Fenton v. Joki,294 Pa., 309, 144 A. 136, citing Lengert v. Chaninel, 208 Pa., 229,57 A. 561, 101 Am. St. R., 931; (2) the "presumption" as stated inPlummer v. Wilson (Pa.), 185 A. 311, "is that at a public sale the price received is the highest and best obtainable"; (3) mere inadequacy of price, without more, is not a sufficient ground for setting aside a judicial sale, Schekter v. Katler,95 Pa. Super., 226; Fenton v. Joki, supra; Plummer v. Wilson, supra;
and (4) the setting aside of judicial sales is a subject peculiarly in the discretion of the trial court, and its action will not be reversed except in a clear case of abuse of that discretion, Schekter v.Katler, supra, and cases cited; also Fenton v. Joki, supra. *Page 595 
Furthermore, in the case of Plummer v. Wilson, supra, the Court states that the unsupported statement that the value of the property sold is greater than the price received at the sale, does not disclose any fact upon which a court could find either that the sale was not properly conducted, or that the price received was not then the fair market value.
Now, with regard to motion of defendant, Sarah Edith Garman, for a new trial upon the ground of newly discovered evidence:
After the rendition of the judgment of April Term, 1941, of Granville Superior Court, from which appeal is taken, it appears from copy of proceedings, duly authenticated and attached to the motion for new trial, that on 4 April, 1941, defendant, Sarah Edith Garman, moved in the court of common pleas of York County, Pennsylvania, in the original cause No. 238, in which judgment by confession was entered, for a rule upon plaintiff to show cause why the judgment so entered should not be opened and she be permitted to make a defense, upon the ground that the loan, evidenced by the bond on which judgment was confessed, was made to her husband, and that "pursuant to requirements of the plaintiff" she joined in the execution of the mortgage and mortgage bond, but received none of the proceeds of the loan, and, hence, under sec. 2 of the Act of 8 June, 1893, P. L. 344, 48 P. S., sec. 32, the judgment is void and should be stricken from the record; that on 26 July, 1941, after notice to plaintiff, the rule was made absolute and the judgment opened as to her so that she might "be let into a defense"; and that, on 11 November, 1941, the matter coming before a jury and the jury having returned a verdict in her favor, the court "ordered and decreed on said verdict . . . that said judgment to No. 238, January Term, 1938, as respects Sarah Edith Garman, defendant, be stricken from the record."
Again, we look to pertinent statute and application of it by the courts in the State of Pennsylvania. We find that the statutes of Pennsylvania pertaining to "substantive rights of married women" provide among other things that "she may not become an accommodation endorser or maker, guarantor, or surety for another." Act of 8 June, 1893, P. L. 344, sec. 2. Purdon's Pa. Statutes, 1936, Title 48, sec. 32.
The courts of Pennsylvania hold that a judgment, on a note, admittedly executed by a married woman, having been confessed by attorney under warrant therein contained, is presumed to be valid. Ponevyezh B. L. Assn.v. Shandelman, Pa., 170 A. 340, and cases cited.
At the time of rendition of the judgment in the present action, defendant, Sarah Edith Garman, having admitted the execution of the note on which the judgment in suit was based, the latter stood as a valid judgment against her. Yet, in Pennsylvania, a married woman may move in the cause for order to open the judgment and to permit her to interpose as defense the presence of circumstances which would relieve her of *Page 596 
liability under the provisions of the Act of 8 June, 1893, supra, Harris v.Reinhard, Pa., 30 A. 510, Ponevyezh B. L. Assn. v. Shandelman, supra;McKean v. Enburg, 188 A. 835. See, also, Vineland National B. T. Co. v.Kotok, Pa., 195 A. 750. An order granting such permission will not be reversed on appeal. Harris v. Reinhard, supra. And where evidence offered, the burden being upon her, is sufficient to show such circumstances, an order satisfying the judgment will be sustained. McKean v. Enburg, supra.
The original judgment of the court of common pleas of York County, Pennsylvania, as to Sarah Edith Garman having been stricken from the record after the rendition of the judgment thereon in this State, it would be manifestly unjust to affirm the judgment in this State. Hence, in the discretion of the Court the motion for a new trial as to her is granted.Carson v. Dellinger, 90 N.C. 226; Chrisco v. Yow, 153 N.C. 434,69 S.E. 422.
As to defendant Levi S. Garman, judgment is
Affirmed.
As to defendant Sarah Edith Garman,
New trial.