## Prusan v. McGuire et al.

*A. J. Levinson*, for plaintiff.
*Gilbert Cassidy, Jr.*, for defendants.

KUN, P. J., July 2, 1952. — Plaintiff, purchaser of premises 102 E. Herman Street, Philadelphia, at a sheriff's sale conducted in February 1952, instituted an action to quiet title for the summary possession of the premises, in conformance with rule 1061(*b*) 4. Defendants, who occupy the property, a three-unit apartment building, as tenants, filed an answer and new matter. Plaintiff filed separate preliminary objections to the answer and new matter, challenging the legal sufficiency of defendants' pleadings. The court has concluded that plaintiff is entitled to judgment on the pleadings. ·

In his complaint plaintiff alleges that he purchased the premises 102 E. Herman Street, Philadelphia, on February 5, 1952, at an execution sale conducted by the sheriff; that the execution sale was made under an alias writ of fieri facias issued out of the Court of Common Pleas No. 7 as of December term, 1950, no. 1440, at the suit of Home Building and Loan Association v. Houlihan; that the sheriff's deed to plaintiff for the aforesaid premises was dated and acknowledged

by the Sheriff of Philadelphia County on February 25, 1952, and was duly recorded on March 26, 1952; that the persons in possession of the premises are Redman McGuire, John J. Veasy and Daniel Fox and Eva Manning Fox, as lessees of defendant in the execution sale, Vincent J. Houlihan; that all defendants were informed in writing by an agent for plaintiff of plaintiff's title and demand was made that defendants attorn to plaintiff; that each defendant, by writing, refused to pay rent for the apartments or in any manner to attorn to plaintiff; that on March 25, 1952, counsel for plaintiff further informed defendants in writing of plaintiff's title and made demand for the payment of rent for their apartments; that on April 2, 1952, plaintiff notified defendants that they were to vacate within three days, which they failed to do. The complaint also contains some allegations as to plaintiff's compliance with the requirements of the rules and regulations of the Office of Rent Stabilization pursuant to the Housing and Rent Act of Congress of 1947, as amended. However, these averments were not material to the issue, since the relationship of landlord and tenant does not exist between plaintiff and defendants: Gray v. Laudenslager, 65 York 7; Friendly Loan Service v. Watkins et ux., 67 D. & C. 398.

In their answer to the complaint defendants deny they are the sole tenants of the premises, but aver that Redmond J. McGuire and Helene A. McGuire, as tenants by the entireties, John J. Veasy and Eugenia M. Veasy, as tenants by the entireties, and Eva Manning Fox occupy the first, second and third floors of the premises under written leases from Vincent J. Houlihan, and that Eva Manning Fox occupies her third floor apartment together with Daniel Fox, who occupies it under an oral license from Eva Manning Fox; that prior to February 25, 1952, Redmond J.

McGuire, Eva Manning Fox and John J. Veasy, by writing, notified plaintiff of their refusal to attorn to plaintiff until the termination of the appeal pending between Home Building and Loan Association and Vincent J. Houlihan; that on the date that plaintiff's counsel notified them of plaintiff's title, the deed in question was unrecorded.

In their new matter defendants state that on January 26, 1952, Vincent J. Houlihan, as defendant in the action of Home Building and Loan Association v. Houlihan, in the Court of Common Pleas No. 7 of Philadelphia County, December term, 1950, no. 1440, filed an appeal in the Supreme Court of Pennsylvania, which is presently undetermined; that on February 4, 1952, immediately before the Sheriff of Philadelphia County proceeded to sell the premises on an alias fi. fa. writ of Home Building and Loan Association, the attorney for Vincent J. Houlihan made public announcement at the hearing of plaintiff and others of the aforesaid appeal, and that plaintiff had knowledge that any right, title or interest acquired by any bidder at sheriff's sale would be subject to such final judgment as might be entered by the Supreme Court of Pennsylvania in the case of Home Building and Loan Association v. Houlihan. Defendants aver in both their answer and new matter that plaintiff had failed to conform in some regards with the rules and regulations of the Office of Rent Stabilization but, as shown previously, such issues are immaterial to plaintiff's right to gain possession of the premises in question.

Upon reviewing the pleadings it can be seen that the essential allegations of plaintiff's complaint have not been denied. It is uncontradicted that plaintiff purchased the property in an execution sale conducted by the sheriff on February 5, 1952; that the sheriff's deed was acknowledged on February 25, 1952, and

recorded on March 26, 1952; that defendants, with the exception of Daniel Fox, occupy the premises as lessees of defendant in the execution sale, and that defendant Daniel Fox occupies the premises as an oral licensee of one of the lessee's; that the leases were entered into on January 15, 1952, one week after the alias fi. fa. for sale of the real estate was issued; that the agent for plaintiff informed defendants in writing of plaintiff's title and demanded that they attorn to plaintiff and pay the rents for their respective apartments; and that defendants in writing refused to pay the rents and declined to attorn for the same; that plaintiff's counsel, on March 25, 1952, informed each defendant in writing of plaintiff's title and demanded that they attorn to plaintiff.

It is thus apparent that all the substantive facts required by the Act of April 20, 1905, P. L. 239, sec. 1, et seq., as amended March 21, 1945, P. L. 47, sec. 1, et seq., 12 PS §§2571 to 2590, are alleged and admitted. Defendants, however, deny that plaintiff is entitled to judgment on the pleadings for several reasons. They first contend that plaintiff should have brought an action in ejectment instead of an action to quiet title, because plaintiff was out of possession and an action to quiet title can only be used where plaintiff is in possession. This contention has no merit whatsoever, inasmuch as Pa. R. C. P. 1061(b) 4 specifically provides that an action to quiet title is the proper remedy to gain possession of premises sold at a sheriff's or tax sale. This rule, in effect, substitutes for the procedure used in the Act of April 20, 1905, supra, the procedure in an action to quiet title. However, the substantive requirements to gain possession of land sold at sheriff's sale is still provided for by the Act of 1905, and it is not necessary that plaintiff be out of possession in order to bring this action under the Act of 1905.

Furthermore, defendants' averment that the premises were not leased to defendants but were leased to Redmond J. McGuire and Helene A. McGuire, as tenants by the entireties, to John J. Veasy and Eugenia M. Veasy, as tenants by the entireties, and to Eva Manning Fox does not, as defendants contend, affect plaintiff's right to judgment on the pleadings. Plaintiff is entitled to have judgment for possession against all parties who are occupying the premises in the right of defendant in the execution sale whose property was sold, namely, Vincent J. Houlihan: Act of April 20, 1905, P. L. 239, sec. 1 (c), as amended, 12 PS §2571 (c). Plaintiff is also entitled to judgment against Daniel Fox, an oral licensee of Eva Manning Fox. Defendants contend that judgment cannot be given against a licensee in an action to quiet title. This is based on a misunderstanding of the proceeding. As stated above, plaintiff is entitled to judgment for possession against Daniel Fox because Daniel Fox is the licensee of one who is on the premises in the right of Vincent J. Houlihan.

Defendants' averment that they received notice from plaintiff's counsel one day before the deed was recorded is likewise immaterial and does not prevent judgment. The Act of 1905, supra, does not require that notice be given before the deed is recorded: Act of April 20, 1905, P. L. 239, sec. 1 (d), as amended, 12 PS §2571 (d).

Nor is plaintiff prevented from obtaining judgment on the pleadings because plaintiff did not attach a copy of the notice of the title of petitioner sent to defendants by his agent, because under Pa. R. C. P. 1019 (h) a writing has to be attached when a claim is based upon a writing, and plaintiff's claim is not based upon a written contract. Furthermore, defendants did not deny that they received the agent's letter.

It should also be noted that defendants admitted they sent to plaintiff a letter in which they acknowledged notice of plaintiff's purchase and declined to attorn to plaintiff until Vincent J. Houlihan's appeal in the action of Home Building and Loan Association v. Houlihan was determined.

Defendants' final, and perhaps principal, contention is that plaintiff is not entitled to judgment on the pleadings because in their new matter they set forth that Vincent J. Houlihan, defendant in the execution sale, had appealed the judgment upon which the sale was made, and that plaintiff before purchasing the property was informed of such appeal. However, the docket entries in the proceedings of Home Building and Loan Association v. Houlihan, attached to the complaint, show that on January 23, 1952, the court of common pleas entered an order that Houlihan's appeal shall act as a supersedeas upon entry of a bond in the sum of $7,500 by January 28, 1952. There is no allegation in the answer that he entered such a bond. Since the order was not complied with, the appeal did not act as a supersedeas, and the premises could be sold at the execution sale clear of Vincent J. Houlihan's title to the property. The Act of 1705, 1 Sm. L. 57 sec. 9, 12 PS §2448, provides in such a situation that if the judgment of the lower court has been reversed upon appeal and the premises had been sold at sheriff's sale, restitution is to be made to defendant in the execution sale only of the money or price for which such lands were sold: See Lengert v. Chaninel, 26 Pa. Superior Ct. 626. Plaintiff's knowledge of the appeal is immaterial under the foregoing statute.

For the above reasons the court granted judgment to plaintiff on the pleadings.